**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NAMEL NORRIS,<br><br>    Plaintiff,<br><br>  v.<br><br>RPC RESTAURANT CORP. and,<br>M & E CHRISTOPHER LLC,<br><br>    Defendants. | Civil Action No. 1:21-cv-08956-AT<br><br>**ANSWER AND CROSS-CLAIM OF DEFENDANT M & E CHRISTOPHER LLC** |

  Defendant M & E Christopher LLC ("Defendant"), through its attorneys, answers Plaintiff Prentice Cox's Complaint as follows:

  The first unnumbered paragraph of the Complaint contains no facts that require either an admission or denial by Defendant. To the extent this paragraph of the Complaint alleges that Defendant is liable to Plaintiff in any way, those allegations are denied.

### AS TO ALLEGED JURISDICTION AND PARTIES

  1. The allegations of Paragraph 1 of the Complaint contain statements or conclusions of law, which do not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 1 of the Complaint.

  2. The allegations of Paragraph 2 of the Complaint contain statements or conclusions of law, which do not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 2 of the Complaint.

  3. The allegations of Paragraph 3 of the Complaint contain statements or conclusions of law, which do not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 3 of the Complaint.

  4. Defendant is without sufficient knowledge or information to admit or deny the

allegations contained in Paragraph 4 of the Complaint and therefore denies the same.

5. Defendant admits that it is authorized to and conducts business within the State of New York and that it is the owner, lessor and/operator of the real property where the Red Paper Clip is located at 120 Christopher Street, New York, New York.

6. The allegations of Paragraph 6 of the Complaint contain statements or conclusions of law, which do not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph of the Complaint.

## AS TO COUNT I - ALLEGED VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

7. The allegations of Paragraph 7 of the Complaint contain statements or conclusions of law, which do not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8. The allegations of Paragraph 8 of the Complaint contain statements or conclusions of law, which do not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. The allegations of Paragraph 9 of the Complaint contain statements or conclusions of law, which do not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. The allegations of Paragraph 10 of the Complaint contain statements or conclusions of law, which do not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. The allegations of Paragraph 11 of the Complaint contain statements or conclusions of law, which do not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. The allegations of Paragraph 12 of the Complaint contain statements or conclusions of law, which do not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. The allegations of Paragraph 15 of the Complaint contain statements or conclusions of law, which do not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 15.

16. The allegations of Paragraph 16 of the Complaint contain statements or conclusions of law, which do not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 16 including subparts (i) – (vi).

17. Defendant denies the allegations contained in Paragraph 17.

18. Defendant denies the allegations contained in Paragraph 18.

19. The allegations of Paragraph 19 of the Complaint contain statements or conclusions of law, which do not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 19.

20. The allegations of Paragraph 19 of the Complaint contain statements or conclusions of law, which do not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 19.

10064552v1

## AS COUNT II - ALLEGED VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

21. The allegations of Paragraph 21 of the Complaint contain statements or conclusions of law, which do not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 21.

22. The allegations of Paragraph 22 of the Complaint, including subparagraphs a. through g. contain statements or conclusions of law, which do not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 22 and its subparagraphs.

23. Defendant incorporates its answers contained in Paragraphs 1 through 22 as if fully set forth herein.

## AS TO COUNT III - ALLEGED VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

24. The allegations of Paragraph 24 of the Complaint contain statements or conclusions of law, which do not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 24.

25. The allegations of Paragraph 25 of the Complaint contain statements or conclusions of law, which do not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 25.

26. The allegations of Paragraph 26 of the Complaint contain statements or conclusions of law, which do not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 26.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

10064552v1

28. Defendant incorporates its answers contained in Paragraphs 1 through 27 as if fully set forth herein.

**AS TO COUNT IV - ALLEGED VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK**

29. The allegations of Paragraph 29 of the Complaint contain statements or conclusions of law, which do not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 29.

30. The allegations of Paragraph 30 of the Complaint contain statements or conclusions of law, which do not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 30.

31. The allegations of Paragraph 31 of the Complaint contain statements or conclusions of law, which do not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 31.

32. The allegations of Paragraph 32 of the Complaint contain statements or conclusions of law, which do not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 32.

33. Defendant denies the allegations contained in Paragraph 33.

34. Defendant denies the allegations contained in Paragraph 34.

35. Defendant denies the allegations contained in Paragraph 35.

36. The allegations of Paragraph 36 of the Complaint are statements of law and/or demands that require no response. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever.

37. Defendant incorporates its answers contained in Paragraphs 1 through 35 as if fully set forth herein.

**AS TO ALLEGED ATTORNEYS' FEES AND COSTS**

38. The allegations of Paragraph 38 of the Complaint are statements of law and/or demands that require no response. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever.

39. The allegations of Paragraph 39 of the Complaint are statements of law and/or demands that require no response. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever.

**AS TO ALLEGED DAMAGES**

40. The allegations of Paragraph 40 of the Complaint are statements of law and/or demands that require no response. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever.

**AS TO ALLEGED INJUNCTIVE RELIEF**

41. The allegations of Paragraph 41 of the Complaint are statements of law and/or demands that require no response. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever.

The unnumbered paragraph beginning with "WHEREFORE," and its subparagraphs A. through E., are statements of law and/or demands that require no response. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever.

10064552v1

**GENERAL DENIAL**

Defendant denies each and every allegation in the Complaint not specifically admitted.

**AFFIRMATIVE AND OTHER DEFENSES**

Without admitting any allegations asserted in the Complaint, Defendant asserts the following affirmative and other defenses. In asserting these defenses, Defendant is providing notice to Plaintiff of the defenses it intends to raise and does not assume the burden of proof as to issues that, as a matter of law, are Plaintiff's burden to prove.

**FIRST AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's allegations fail to state a claim for which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and waiver, and by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

Upon information and belief, Plaintiff has failed to mitigate his damages, if any, including bringing to the attention of Defendant one or more of the alleged barriers, or requesting that Defendant provide any alternative access to its facilities or website.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent any barriers to accessibility existed, Defendant provided legally sufficient alternative access and equivalent facilitation.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent that subsequent remedial actions have been taken to correct any alleged violations, this case has been rendered moot.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that any barriers to accessibility do exist, removal of the same is not readily achievable or is an undue burden.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant has made reasonable modifications in policies, practices and procedures to the extent necessary to afford goods, services, facilities, privileges, advantages or accommodations to disabled individuals.

## EIGHTH AFFIRMATIVE DEFENSE

The requested alterations are structurally impractical, technically infeasible, not legally required, or pose a significant risk to health and safety.

## NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has failed to meet any prerequisites to filing any claims alleged in this lawsuit, such claims are barred.

## RESERVATION OF DEFENSES

Defendant hereby reserves the right to assert such additional defenses as may become apparent during the course of discovery.

## CROSS-CLAIM FOR INDEMNIFICATION AGAINST RPC RESTAURANT CORP.

As its cross-claim against Defendant RPC Restaurant Corp., ("Cross-defendant") Defendant M & E Christopher LLC, ("Cross-claimant") alleges as follows:

1. This Court has supplemental jurisdiction over this cross-claim pursuant to 28 U.S.C. §1367 since it relates to the same transaction or occurrence that is the subject matter of the original action.

2. Cross-defendant RPC Restaurant Corp. is a tenant in a building owned by Cross-claimant M & E Christopher LLC, the Landlord.

3. Cross-defendant RPC Restaurant Corp. entered into a lease agreement and rider with Cross-claimant M & E Christopher LLC on November 21, 2018.

4. Paragraph 52(b)(iii) of the lease agreement rider provides, *inter alia*, that the tenant will indemnify and save Landlord harmless from and against any and all liabilities, obligations, damages, penalties, claims, costs, charged and expenses including reasonable attorneys' fees, which may be imposed upon or incurred by or asserted against Landlord, including all fines, suits, proceedings, claims, demands and actions of any kind or nature whatsoever brought by anyone arising or growing out of or in any way connected with the Tenant's use, operation and maintenance of the demised property.

5. The Complaint alleges that Plaintiff attempted to access the subject premises during a time period covered by the above identified lease agreement rider.

6. Cross-claimant M & E Christopher LLC herein denies that it is in any way responsible for the events, happenings or damages identified in the Complaint. However, if it is held responsible to any party in this action for any of the matters alleged in the Complaint, then it

is entitled to indemnification from Cross-defendant RPC Restaurant Corp. for any loss that it may sustain in this matter, including all costs, attorney's fees and/or judgment which might be rendered against it, for the reason that its liability would arise as a proximate result of the primary and active conduct of Cross-defendant RPC Restaurant Corp.

7. An actual controversy now exists between Cross-claimant and Cross-defendant, and each of them, concerning their respective rights and duties. Cross-claimant contends that it is entitled to be indemnified by Cross-defendant for the full amount of any loss suffered or judgment paid by Cross-claimant in this action and for, *inter alia*, damages, fines, penalties, costs, expenses, attorney's fees, or other expenses which have been or will be in the future incurred as a result of Cross-defendant's conduct, which resulted in Cross-claimant having to defend this action.

8. Cross-defendant is liable to Cross-claimant for all claims asserted by Plaintiff against Cross-claimant.

WHEREFORE, Cross-claimant M & E Christopher LLC respectfully requests that this Court:

    a. enter an Order dismissing with prejudice the Complaint in its entirety;

    b. enter and Order granting judgment in its favor against Cross-defendant;

    c. enter a Declaration of all the rights and duties that Cross-defendant has to Cross-claimant with regard to its allegations contained above;

    d. award to Cross-claimant its attorneys' fees and costs;

    e. enter an Order that any judgment against Defendant M & E Christopher LLC be imposed instead on Cross-defendant RPC Restaurant Corp.; and

    f. grant such further relief as the Court may deem just and proper.

Dated: September 1, 2023

        **ATTORNEYS FOR DEFENDANT**

        */s/ Anjanette Cabrera*
Anjanette Cabrera
Robert P. Floyd
John E. MacDonald
Constangy, Brooks, Smith & Prophete LLP
620 Eighth Avenue, 38th Floor
New York, New York 10018
Telephone: (646) 341-6536
Facsimile: (646) 341-6543
Email Address: acabrera@constangy.com
*Attorneys for Defendant M & E Christopher LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2023, I electronically filed the foregoing **ANSWER, CROSS-CLAIM AND SEPARATE DEFENSES ON BEHALF OF DEFENDANT M & E CHRISTOPHER LLC** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to Counsel for Plaintiff:

> B. Bradley Weitz, Esq
> Robert J. Mirel, Esq.
> The Weitz Law Firm, PA
> Bank of America Building
> 18305 Biscayne Blvd., Suite 214
> Aventura, Florida 333160
> Phone: (305) 949-7777
> Fax: (305) 704-3877
> Email: bbw@weitzfirm.com
> Email: rjm@weitzfirm.com
>
> *Attorneys for Plaintiff*