```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/27/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAMEL NORRIS,

                        Plaintiff,

           -v-

RPC RESTAURANT CORP., ET AL.,

                       Defendants.

**REPORT AND RECOMMENDATION**

21-CV-8956 (JLR) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

**To the Honorable Jennifer L. Rochon, United States District Judge:**

       Plaintiff Namel Norris moves for entry of default judgment against Defendants RPC Restaurant Corp. ("RPC") and M&E Christopher LLC ("M&E" and, together with RPC, "Defendants"). ECF Nos. 130–36. Plaintiff seeks injunctive relief, compensatory damages, and attorney's fees and costs. On November 12, 2024, the Honorable Jennifer L. Rochon referred this motion to a Magistrate Judge for a Report and Recommendation, ECF No. 137, and on November 13, 2024 the referral was reassigned to me. Having considered Plaintiff's submissions in support of his motion, I recommend that Plaintiff's motion be **GRANTED IN PART** and **DENIED IN PART**.

**I.     BACKGROUND**

       Plaintiff filed his Complaint on November 1, 2021, alleging that Defendants violated the Americans With Disabilities Act, 42 U.S.C. §§ 12181 *et seq.* ("ADA"), the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 ("NYCHRL"), and the New York State Human Rights Law, N.Y. Exec. Law § 296 ("NYSHRL").

1

*See* ECF No. 1 ("Compl."). The Complaint alleges that Defendants discriminated against Plaintiff, who is disabled and uses a wheelchair, by denying him access to Red Paper Clip (the "Facility") and to the real property located at 120 Christopher Street, New York, New York, in which the Facility is situated (the "Property"). *Id.* ¶¶ 4–5. Plaintiff states that he visited the Facility with the intention to use it then and in the future, but was unable to enter due to barriers at the entrance and within the Facility. *Id.* ¶¶ 14, 16. Plaintiff seeks $1,000.00 in compensatory damages, a permanent injunction requiring Defendants to make the Facility and Property accessible to and useable by individuals with disabilities, and attorney's fees and costs. *Id.* ¶¶ 38–41.

Plaintiff served Defendants with the Complaint on November 17, 2021, ECF Nos. 12-13, and served an amended summons on RPC on July 13, 2022, ECF No. 34, and on M&E on September 23, 2022. ECF No. 38. RPC failed to take any action in response. Accordingly, on January 25, 2024, Plaintiff requested and the Clerk of Court entered a Certificate of Default as to RPC. ECF Nos. 76, 78. M&E answered the Complaint on September 6, 2023, ECF No. 56, but then withdrew from the case, ECF. No. 92, and failed to enter any subsequent appearance or otherwise participate in the case. As such, on September 13, 2024, Plaintiff requested and the Clerk of Court entered a Certificate of Default as to M&E. ECF Nos. 108, 110.

Plaintiff filed his motions for default judgment as to RPC and M&E, along with supporting materials, on November 4, 2024. ECF Nos. 130–36. The Court directed Defendants to respond to the motions by December 2, 2024, and gave notice

that a report and recommendation would be issued based on Plaintiff's written submissions alone if no response was filed. ECF Nos. 138–39. Plaintiff filed affidavits of service of these motion papers and orders. ECF Nos. 143–44. To date, Defendants have not responded to the motions.

## II.   DISCUSSION

### A.   Legal Standard

Rule 55 provides that a party "against whom a judgment for affirmative relief is sought" has defaulted when it "has failed to plead or otherwise defend" against the claim. Fed. R. Civ. P. 55(a). On plaintiff's motion and once a certificate of default is entered by the Clerk of Court, the court may enter a default judgment against the defaulting defendant. *See* Fed. R. Civ. P. 55(b)(2). "[A] default is an admission of all well-pleaded allegations against the defaulting party." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004). But a defaulting party "does not admit conclusions of law," and the district court must determine, as a matter of law, whether plaintiff's allegations establish the defendant's liability. *Yi Feng Leather Int'l LTD v. Tribeca Design Showroom, LLC*, No. 17-CV-5195 (AJN), 2019 WL 4744620 (S.D.N.Y. Sept. 30, 2019) (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)).

### B.   Jurisdiction and Venue

#### 1.   Subject Matter Jurisdiction

The Court has original jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state and local law claims under 28 U.S.C. § 1367.

### 2. Personal Jurisdiction

The Court has specific personal jurisdiction over Defendants under C.P.L.R. § 302 because Defendants transact business in New York and Plaintiff's claims arise from such transaction of business. Plaintiff also alleges that RPC is a New York corporation conducts business within the State of New York as the lessee and/or operator of the Facility located at 120 Christopher Street, New York, New York. Compl. ¶ 5. Further, Plaintiff alleges that M&E is a New York limited liability company that similarly conducts business in the State of New York as the owner, lessor, and/or operator of the Property where the Facility is located. *Id.*

### 3. Venue

Venue is proper in this Court under 28 U.S.C. § 1391(b) because the Facility is located within and all events giving rise to this lawsuit occurred within this District. *Id.* ¶ 2, 5–6.

### C. Default Judgment

#### 4. ADA Liability

Plaintiff alleges that Defendants violated the ADA by denying him access to the Facility and the Property and by failing to remove certain barriers that make the Facility and the Property inaccessible to people with disabilities. *See* Compl. ¶ 13.

##### a. Legal Standards

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages or accommodations of any place of public

4

accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Under the ADA, disability discrimination includes the "failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). To state a claim under Title III, a plaintiff must allege: "(1) that she is disabled within the meaning of the ADA; (2) that defendants own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against her by denying her a full and equal opportunity to enjoy the services defendants provide." *Rosa v. 600 Broadway Partners, LLC*, 175 F. Supp. 3d 191, 198 (S.D.N.Y. 2016) (citing *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008)). A plaintiff can establish discrimination under the ADA by showing that defendant violated the accessibility standards set forth in the ADA Accessibility Guidelines ("ADAAG"). *Id.* at 199.

"To satisfy constitutional standing requirements, a plaintiff must prove: (1) injury in fact, which must be (a) concrete and particularized, and (b) actual or imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) that the injury is likely to be redressed by a favorable decision." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187 (2d Cir. 2013). A plaintiff seeking injunctive relief must also show that the identified injury presents a "real and immediate threat of repeated injury." *Id.* (quoting *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004)). A "broad view" of constitutional standing is appropriate in ADA cases because "private enforcement suits are the primary method of obtaining

compliance with the Act." *Rosa*, 175 F. Supp. 3d at 199 (cleaned up). Accordingly, "once a plaintiff establishes standing with respect to one barrier in public accommodation, that plaintiff may bring ADA challenges with respect to all other barriers on the premises that affect the plaintiff's particular disability." *Kreisler*, 731 F.3d at 188.

### b. Plaintiff Establishes a Violation of the ADA
#### i. Standing

Plaintiff has established standing under Title III of the ADA. He alleges that he visited the Facility and was unable to enter due to barriers to access at the entrance and inside. Compl. ¶ 16. He further states that he is a resident of New York City, *id.* ¶ 4, and intends to visit in the future. *Id.* ¶ 14. Accepted as true, these allegations establish that Plaintiff encountered barriers at Defendant's business and would intend to return but for barriers to access. *See Disabled in Action of Metro, New York v. Trump Int'l Hotel & Tower*, No. 01-CV-5518 (MBM), 2003 WL 1751785, at *7 (S.D.N.Y. Apr. 2, 2003) (noting that courts considering ADA claims have found standing under similar circumstances).

#### ii. Liability

Plaintiff has adequately pleaded all three prongs of a Title III claim and sufficiently established Defendants' liability. First, Plaintiff states that he is disabled within the meaning of the ADA. Compl. ¶ 4. Plaintiff "is a paraplegic and uses a wheelchair for mobility." *Id.* Second, Plaintiff has alleged that RPC is the lessee and/or operator of the Property and maintains and controls the Facility, and M&E is the owner, lessor, and/or operator of the Property where the Facility is

located and maintains and controls the Facility. *Id.* ¶ 5. He also alleges that the Facility and Property are public accommodations and service establishments. *Id.* ¶¶ 10–11. Finally, Plaintiff adequately alleges that Defendants discriminated against him by denying him full and equal opportunity to enjoy their services. *Id.* ¶ 13–14. In support of this claim, Plaintiff pleads the following six violations of the ADAAG standards: (1) a non-accessible entrance in violation of ADAAG § 4.14; (2) the lack of a safe and accessible exit from the Facility in violation of ADAAG § 4.3.10; (3) a non-compliant bar counter in violation of ADAAG § 5.2; (4) the lack of a securely attached floor mat in violation of ADAAG § 4.5.3; (5) the lack of directional and accurate informational signage in violation of ADAAG § 4.1.3(16); and (6) the lack of signage informing people with disabilities that accessible services are provided in violation of ADAAG § 4.30.4. Compl. ¶ 16.

"The ADA's remedial scheme is not limited to orders for the removal of encountered barriers, but instead dictates that 'injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities.'" *Kriesler*, 731 F.3d at 188–89 (quoting *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 951 (9th Cir. 2011)). In other words, a plaintiff need not have personally encountered each ADA violation in order to seek its removal. *Id.*

Plaintiff has provided a sufficiently detailed description of the entrance and exit to the Facility to establish the Facility's inaccessibility. Plaintiff alleges that the Facility "does not have an accessible entrance, due to a step at said entrance

without an ADA-compliant ramp and/or wheelchair lift," Compl. ¶ 16(i), and fails "to provide a safe and accessible means of egress." *Id.* ¶ 16(ii).

      On the other hand, Plaintiff's allegations as to barriers within the restaurant lack sufficient detail to state a claim for injunctive relief in support of a default judgment. These allegations do not provide the specifications of the bar, any floor mat, or the signage within the restaurant. For example, Plaintiff alleges that the bar "is higher than 34 inches above the finish floor" (the ADAAG limit) but does not indicate the bar's actual height. Compl. ¶ 16(iii). Further, Plaintiff alleges that there is no "securely attached floor mat" in the Facility but does not allege that there is any floor mat used in the Facility that requires attachment. *Id.* ¶ 16(iv). Plaintiff alleges that the Facility does not "provide adequate directional and accurate informational signage," *id.* ¶ 16(v), and that there is no signage "addressing people with disabilities, telling them that accessible services are provided, as required by . . . Section 4.30.4," which describes the requirements for signs with raised and brailled characters and pictorial symbol signs. *Id.* ¶ 16(vi). Plaintiff does not describe any of the signage within the Facility in any detail, let alone sufficient detail for the Court to assess the adequacy or accuracy of such signage and its conformance to the typeface accessibility requirements. "Merely restating the contents of the ADA Accessibility Guidelines is conclusory and not sufficient to establish liability." *Rogers v. Subotic LLC*, No. 18-CV-1997 (JPO), 2018 WL 3918181, at *2 (S.D.N.Y. Aug. 16, 2018). Plaintiff's allegations as to barriers within the Facility are too conclusory to support liability.

Accordingly, I recommend that judgment be granted as to the ADA claims relating to the entrance and exit to the Facility but denied as to the other alleged barriers.

### 5. Violations of New York State and New York City Law

The relevant portions of the NYSHRL are interpreted to be similar to those of the ADA. *See Kriesler v. Second Ave. Diner Corp.*, No. 10-CV-7592 (RJS), 2012 WL 3961304, at *13 (S.D.N.Y. Sept. 11, 2012), *aff'd*, 731 F.3d 184 (2d Cir. 2013). *Accord Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 n.3 (2d Cir. 2006).

"Although the ADA and the [NYCHRL] contain similar language about disability discrimination, the Second Circuit recently cautioned that the two are not coextensive." *Kriesler*, 2012 WL 3961304, at *14 (citing *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278–79 (2d Cir. 2009)). The NYCHRL provides "uniquely broad" protections. *De La Rosa v. 597 Broadway Development Corp.*, No. 13-CV-7999 (LAK) (MHD), 2015 WL 7351540, at *19 (S.D.N.Y. Aug. 4, 2015) (citing N.Y.C. Local L. 85 § 7 (2005)). "Accordingly, courts should view 'similarly worded provisions of federal and state civil rights laws as a floor below which the City's Human Rights law cannot fall.'" *Kriesler*, 2012 WL 3961304, at *14; *see also Loeffler*, 582 F.3d at 278. As Plaintiff has established liability under the ADA, I find that his properly pleaded allegations are also sufficient to establish liability for purposes of the NYSHRL and NYCHRL.

### D. Injunctive Relief

The ADA provides a private right of action for injunctive relief. 42 U.S.C. § 12188(a). In the case of violations of Section 12182(b)(2)(A)(iv), "injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." 42 U.S.C. § 12188(a)(2); *Shariff v. Beach 90th St. Realty Corp.*, No. 11-CV-2551 (ENV) (LB), 2013 WL 6835157, at *5 (E.D.N.Y. Dec. 20, 2013) (ordering defendant to provide an accessible route onto restaurant premises). A court may grant a permanent injunction where a violation is established as part of a default judgment in an ADA case. *See, e.g.*, *Puerner v. Hudson Spine & Pain Med. P.C.*, No. 17-CV-3590 (ALC), 2018 WL 4103491, at *4 (S.D.N.Y. Aug. 28, 2018) (ordering defendants to create policy, train staff, and post signage); *Ross v. Royal Pizza Cafe Corp.*, No. 17-CV-6294 (FBR) (ML), 2018 WL 6313208, at *4 (E.D.N.Y. Aug. 1, 2018), *report and recommendation adopted*, 2018 WL 6313182 (E.D.N.Y. Dec. 3, 2018) (ordering defendant to provide accessible entrance).

As described above, Plaintiff has established the existence of barriers with respect to the entrance and exit to the Facility. Accordingly, I recommend that Plaintiff's request for injunctive relief as to these illegal barriers be granted. More specifically, I recommend that Defendants be directed to make the entrance and exit to the Facility readily accessible to and useable by individuals with disabilities to the extent required by the ADA and ADAAG. Installing a ramp with handrails on both sides or a wheelchair lift, for example, would satisfy this recommendation.

RPC should be permitted to continue to operate its business pending the completion of these modifications. As for the other alleged barriers, I recommend that injunctive relief be denied.

### E. Damages

Having concluded that Plaintiff established Defendants' liability under the ADA, NYSHRL, and NYCHRL, the next question is whether Plaintiff has established his entitlement to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (damages following default must be established by the plaintiff). Determining the appropriate amount of damages "involves two tasks: determining the proper rule for calculating damages on such a claim, and assessing plaintiff's evidence supporting the damages to be determined under this rule." *Santana v. Latino Express Rests., Inc.*, 198 F. Supp. 3d 285, 291 (S.D.N.Y. 2016) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)) (cleaned up). A court need not hold an evidentiary hearing to determine damages but "must 'take the necessary steps to establish damages with reasonable certainty.'" *Id.* (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997)).

Damages are not available to private plaintiffs under the ADA's public accommodation provisions. *See* 42 U.S.C. § 12188; *see also Anonymous v. Goddard Riverside Cmty. Ctr., Inc.*, No. 96-CV-9198 (SAS), 1997 WL 475165, at *2 (S.D.N.Y. July 18, 1997). Instead, Plaintiff seeks $1,000.00 in compensatory damages for

Defendants' violations of the NYSHRL and NYCHRL. Compl. ¶ 40. In cases where plaintiffs have alleged only an inability to access a public accommodation, courts have determined that awards up to $1,000.00 are appropriate. *See Thorne v. Formula 1 Motosports, Inc.*, No. 19-CV-1077 (JPO), 2019 WL 6916098, at *4 (S.D.N.Y. Dec. 19, 2019) (awarding $500.00); *Kriesler*, 2012 WL 3961304, at *15 (awarding $1,000.00 and contrasting cases awarding greater amounts for more egregious violations).

Accordingly, I recommend that Plaintiff be awarded $1,000.00 in compensatory damages. Defendants should be held jointly and severally liable.

### F.     Fees and Costs

Both the ADA and City HRL allow a prevailing party to recover reasonable attorney's fees including litigation costs and expenses. *See* 42 U.S.C. § 12205; N.Y.C. Admin. Code § 8-502(g). Attorney's fees are not available under the State HRL. *See Bermudez v. Bon Secours Charity Health Sys.*, No. 19-CV-7836 (AKH), 2020 WL 104992, at *5 (S.D.N.Y. Jan. 9, 2020).

Plaintiff's motion asked that the Court retain jurisdiction to determine the appropriate amount of attorney's fees and costs after the entry of final judgment. ECF No. 132 at 9. Accordingly, I recommend that the Court retain jurisdiction to decide Plaintiff's motion for attorney's fees and costs under the ADA and NYCHRL, which motion is to be filed no later than sixty (60) days after the entry of final judgment.

### III. CONCLUSION

For the reasons described above, I recommend that Plaintiff's motion for default judgment be **GRANTED IN PART** and **DENIED IN PART**. I recommend that default judgment be entered against Defendants in the amount of $1,000.00. I also recommend that injunctive relief as to Plaintiff's allegations regarding the inaccessibility of the entrance and exit to the Facility be granted, but all other injunctive relief should be denied. I further recommend that the Court retain jurisdiction over Plaintiff's forthcoming motion for attorney's fees and costs, to be filed no later than sixty (60) days after of the entry of final judgment.

### PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. *See* Fed. R. Civ. P. 6(a), (b), (d). Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Jennifer L. Rochon, United States Courthouse, 500 Pearl Street, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Rochon.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. *See Thomas v.*

*Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

Dated: January 27, 2025
      New York, New York

_____
Henry J. Ricardo
United States Magistrate Judge