UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAMEL NORRIS,<br><br>                          Plaintiff,<br><br>             -against-<br><br>RPC RESTAURANT CORP. and M&E CHRISTOPHER LLC,<br><br>                          Defendants. | Case No. 1:21-cv-08956 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

On November 4, 2024, after the entry of Clerk's Certificates of Default as to Defendants RPC Restaurant Corp. and M&E Christopher, LLC (together, "Defendants"), Dkts. 78, 110, Plaintiff Namel Norris ("Plaintiff") moved for the entry of default judgment and damages. Dkts. 130-36. The Court subsequently referred the motion to Magistrate Judge Ricardo. Dkt. 137. In the Report and Recommendation ("R&R") filed January 27, 2025, Magistrate Judge Ricardo recommended that Plaintiff's motion for the entry of default judgment be granted in part and denied in part. Dkt. 145.

Magistrate Judge Ricardo recommended that default judgment be granted as to the ADA, NYSHRL, and NYCHRL claims relating to the entrance and exit to the restaurant the Red Paper Clip (the "Facility"), but denied as to the other alleged barriers. Dkt. 145 at 8-9. Judge Ricardo recommended that default judgment be entered against Defendants in the amount of $1,000.00, with the Defendants held jointly and severally liable. Dkt. 145 at 12. Magistrate Judge Ricardo also recommended that Plaintiff's request for injunctive relief as to the existence of barriers with respect to the entrance and exit to the Facility be granted. Dkt. 145 at 10. Specifically, Magistrate Judge Ricardo recommended that Defendants be directed to make the entrance and exit to the Facility readily accessible to and useable by individuals

1

with disabilities to the extent required by the ADA and ADAAG.  Dkt. 145 at 10.  He advised that "[i]nstalling a ramp with handrails on both sides or a wheelchair lift, for example, would satisfy this recommendation," and instructed that Defendant RPC Restaurant Corp. be permitted to continue to operate its business pending the completion of these modifications.  Dkt. 145 at 10-11.  Magistrate Judge Ricardo further recommended that the Court retain jurisdiction over Plaintiff's forthcoming motion for attorney's fees and costs, to be filed no later than sixty days after the entry of final judgment.  Dkt. 145 at 12.

"In reviewing an R&R, a district court may 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" *Lopez v. 2100 2nd Ave. LLC*, No. 1:24-cv-01375 (JLR), 2024 WL 4894345, at *1 (S.D.N.Y. Nov. 25, 2024) (quoting 28 U.S.C. § 636(b)(1)(C)).  A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997).  To accept "uncontested portions of a report and recommendation, a 'district court need only satisfy itself that there is no clear error on the face of the record.'" *Qlay Co. v. Owen*, No. 21-cv-01784 (JLR), 2024 WL 4769718, at *1 (S.D.N.Y. Nov. 13, 2024) (quoting *Gomez v. Brown*, 655 F. Supp. 2d 332, 341 (S.D.N.Y. 2009)).  "A decision is 'clearly erroneous' when the reviewing Court is left with the definite and firm conviction that a mistake has been committed." *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14-cv-4394 (AJN), 2018 WL 1750595, at *21 (S.D.N.Y. Apr. 11, 2018) (quoting *Courtney v. Colvin*, No. 13-cv-02884 (AJN), 2014 WL 129051, at *1 (S.D.N.Y. Jan. 14, 2024)).

Here, the R&R advised Defendants that they had fourteen days from the service of the R&R to file any objection and warned that failure to timely file such objections would result in waiver of any right to raise objections to the R&R on appeal.  R&R at 13.  The R&R also

cited 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), under which the parties had fourteen days from the service of the R&R to file written objections. *Id.* That time has expired, and no objections have been filed. Accordingly, the parties have waived their right to object to the R&R or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) ("[F]ailure to object timely to a report waives any further judicial review of the report.").

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the Court has reviewed the R&R for clear error. The Court finds that the report is comprehensive and clear from error, and therefore adopts Magistrate Judge Ricardo's R&R in its entirety. *See Qlay*, 2024 WL 4769718, at *1; *Ramos v. CJ Contractor Servs., Inc.*, No. 23-cv-00274 (JLR), 2024 WL 3952643, at *1 (S.D.N.Y. Aug. 27, 2024). That is, the Court orders default judgment against Defendants in the amount of $1,000 as to the ADA, NYSHRL, and NYCHRL claims relating to the entrance and exit to the Facility. The Court also grants injunctive relief as to Plaintiff's allegations regarding the inaccessibility of the entrance and exit to the Facility. Specifically, Defendants are directed to make the entrance and exit to the Facility readily accessible to and useable by individuals with disabilities to the extent required by the ADA and ADAAG. All other injunctive relief is denied.

The Clerk of Court is requested to enter default judgment in favor of Plaintiff for the aforementioned injunctive relief and in the amount of $1,000, with Defendants held jointly and severally liable. The Clerk of Court is directed to close this case. The Court shall handle any motion for attorney's fees on a collateral basis.

Dated: February 18, 2025
    New York, New York                              SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge