USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  12/4/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAMEL NORRIS

                Plaintiff,

        -v-

RPC RESTAURANT CORP., ET AL.,

                Defendants.

**REPORT AND
RECOMMENDATION**

21-CV-8956 (JLR) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

**To the Honorable Jennifer L. Rochon, United States District Judge:**

Before the undersigned for a report and recommendation is Plaintiff Namel Norris's motion for attorney's fees and costs. ECF No. 157 ("Mot."). For the reasons set forth below, the undersigned respectfully **RECOMMENDS** that Plaintiff's motion for attorney's fees and costs be **GRANTED IN PART** and **DENIED IN PART**.

## I.    BACKGROUND

Plaintiff commenced this action, pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. § 12181, *et seq.* ("ADA"), on November 1, 2025, against defendants RPC Restaurant Corp. ("RPC") and M&E Christopher LLC ("M&E" and, together with RPC, "Defendants"). ECF No. 1. The Complaint alleges that Defendants discriminated against Plaintiff, who is disabled and uses a wheelchair, by denying him access to Red Paper Clip (the "Facility") and to the real property located at 120 Christopher Street, New York, New York, in which the Facility is situated (the "Property"). *Id.* ¶¶ 4–5.

1

RPC failed to take any action in response to the Complaint.  M&E answered the Complaint on September 6, 2023, ECF No. 56, but then withdrew from the case, ECF No. 92, and failed to enter any subsequent appearance or otherwise participate in the case.  Plaintiff filed his motions for default judgment as to RPC and M&E, along with supporting materials, on November 4, 2024.  ECF Nos. 130–36.  Plaintiff requested that the Court retain jurisdiction over his anticipated motion for attorney's fees.  ECF No. 132, at 9.

On January 27, 2025, the undersigned issued a Report and Recommendation that Plaintiff's motion be granted in part and denied in part.  ECF No. 145.  Regarding the request for fees and costs, the undersigned recommended that such a motion be filed "no later than sixty (60) days after the entry of final judgment." *Id.* at 12.  On February 18, 2025, Judge Rochon adopted the Report and Recommendation in full.  ECF No. 146.

Plaintiff sought and was granted three extensions of time to file his motion for attorney's fees and costs.  *See* ECF Nos. 148–49, 151–52, 153, 155.

On May 29, 2025, Plaintiff filed the instant motion, ECF No. 157, with supporting documentation, including records of attorney hours expended, ECF No. 157-4, Ex. C ("Time Records"); and cost receipts, ECF No. 157-5, Ex. D ("Cost Receipts").

## II.    LEGAL STANDARDS

In an action to recover damages under the ADA, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee." *Gomez v. Kedo*

*LLC*, No. 24-CV-01556, 2025 WL 2466141, at *1 (S.D.N.Y. May 15, 2025) (quoting 42 U.S.C. § 12205), *adopted by* 2025 WL 2688414 (Sept. 19, 2025).

Where a prevailing party is entitled to recover attorney's fees, "courts in the Second Circuit use the familiar 'lodestar' method of calculating reasonable attorney's fees—multiplying the number of hours reasonably expended by a reasonable hourly rate." *Delshah 60 Ninth, LLC v. Free People of PA LLC*, No. 20-CV-5905, 2025 WL 2412029, at *3 (S.D.N.Y. July 31, 2025) (cleaned up), *adopted by* 2025 WL 2410466 (Aug. 19, 2025). "The lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee." *Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010). "[T]he lodestar method produces an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Id.* at 551.

The burden of proof to demonstrate the reasonableness of fees lies with the party seeking fees. *Delshah 60 Ninth*, 2025 WL 2412029, at *3. "The party seeking fees bears the burden of demonstrating that its requested hours and hourly rates are reasonable, and must provide a court with sufficient information to assess the fee application." *Zero Carbon Holdings, LLC v. Aspiration Partners, Inc.*, No. 23-CV-5262, 2024 WL 3409278, at *2 (S.D.N.Y. July 15, 2024). The application should be supported by "contemporaneous time records" showing the rates charged and hours worked by each attorney. *N.Y. State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir. 1983). The attorneys "should maintain billing time

records in a manner that will enable a reviewing court to identify distinct claims." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

A district court is "not obligated to undertake a line-by-line review of an extensive fee application. It may, instead, exercise its discretion and use a percentage deduction as a practical means of trimming fat." *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 150 (2d Cir. 2014) (cleaned up).

## III.   DISCUSSION

Plaintiff is a prevailing party because the Court granted default judgment in his favor. ECF Nos. 145–47. In the instant motion, Plaintiff seeks $37,635.00 in attorney's fees and $732.00 in costs, for a total of $38,367.00. Mot. at 2. For the reasons described below, Plaintiff's fee request should be reduced by 20% to $30,108.00, and Plaintiff should be awarded $732.00 in costs.

### A.   Attorney's Fees

Plaintiff seeks $37,635.00 in attorney's fees for 57.9 hours worked by Mr. Weitz at a rate of $650.00 per hour. Mot. at 2.

To determine the hourly rate, a court considers "what a reasonable, paying client would be willing to pay." *Minott v. Washington L. Firm PLLC*, No. 24-2275, 2025 WL 2111878, at *1 (2d Cir. July 29, 2025) (internal citations omitted). In addition, the Second Circuit has a "forum rule" requiring the use of "hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Bergerson v. N.Y. State Off. of Mental Health*, 652 F.3d 277, 289 (2d Cir. 2011). The determination of the reasonable hourly rate is aided by the rate "prevailing in the community for similar services by lawyers of

reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

Plaintiff requests that attorney's fees be awarded at a rate of $650.00 per hour for all hours worked by Mr. Weitz. Mot. at 2. In his declaration, Mr. Weitz states that he has over 24 years of experience litigating federal and state court cases, including over 1,800 ADA Title III matters, which makes him "perhaps one of the *most* experienced ADA attorneys in the country." ECF No. 157-1 ("Weitz 5/29/2025 Decl.") ¶¶ 4, 7 (emphasis original).

Mr. Weitz declares that he was most recently awarded a rate of $575.00 per hour in 2022 and $400.00 per hour in 2013. *Id.* ¶¶ 8–9. Mr. Weitz's requested hourly fee exceeds the range that he has been awarded in other matters. Although Mr. Weitz was awarded a rate of $575.00 in 2022, that rate was awarded in the context of a sanctions motion for work that included deposition preparation, taking a deposition, and drafting a motion to compel. *See Velasquez v. Kiner's Corner LLC*, No. 18-CV-10969, Dkt. No. 85 (S.D.N.Y. Mar. 21, 2022). Here, judgment was obtained by default. There were no disputed legal issues, and the legal work generally consisted of preparing simple documents.

Mr. Weitz has also not substantiated that his requested rate is in line with those typically awarded to similarly experienced attorneys in this district. "The prevailing rate in the Southern District for ADA cases is around $400." *Winegard v. Crain Commc'ns, Inc.*, No. 20-CV-01509, 2021 WL 1198960, at *4 (S.D.N.Y. Mar. 30, 2021) (awarding requested hourly rate of $385 to attorney with 35 years of

experience in ADA default case); *Gomez*, 2025 WL 2466141 (awarding hourly rate of $375 to attorney with approximately 10 years of experience in ADA default case); *Norman v. Three in One Equities, LLC*, No. 22-CV-3173, 2024 WL 488181 (S.D.N.Y. Feb. 28, 2024), *adopted by* 2024 WL 967175 (S.D.N.Y. Mar. 6, 2024) (awarding hourly rate of $400 to attorney with more than 20 years of experience in ADA default case); *Jaquez v. Brilliant Home Tech., Inc.*, No. 20-CV-9855, 2022 WL 951108, at *5 (S.D.N.Y. Mar. 30, 2022) (awarding hourly rate of $400 to attorney with 10 years of experience in ADA default case).

Furthermore, Mr. Weitz does not distinguish between those hours spent on legal work, as opposed to administrative work, such as reviewing certain documents, preparing service of process documents, and calendaring.  Courts in this district have reduced fees for administrative work performed by a senior attorney that was more appropriate for a paralegal, *see Angulo v. 36th St. Hosp. LLC*, No. 19-CV-5075, 2020 WL 4938188, at *18 (S.D.N.Y. July 31, 2020), *adopted by*, 2020 WL 4936961 (S.D.N.Y. Aug. 24, 2020), and have recently awarded a rate of $75.00 per hour for this type of work.  *See, e.g.*, *Gomez*, 2025 WL 2466141, at *2.

For example, there are approximately 80 billing entries totaling approximately 12.2 hours and $7.930.00 in which Mr. Weitz merely reviewed a document, with no indication of any further action taken. *See, e.g.*, Time Records at 1 ("Review of Court notification"); 3 ("Review of Order referring case to Magistrate Judge"); 6 ("Review of Court Order granting Letter Motion for extension of time to file Default Judgment"); 9 ("Review of Order granting Letter motion for Extension

6

of time to file Motion for Attorney's Fees").  There are also approximately 68 billing entries for filing documents with the Court, an activity that is more appropriate for either a paralegal to perform or to be billed at a lower, non-legal rate.  *See, e.g.*, Time Records at 1 ("File Affidavit of Service for Tenant defendant" and "File Affidavit of Service for Landlord defendant"); 3 ("Draft, prepare and file Status Report, per Order 44"); 6 ("Draft, prepare and file Proposed Default Judgment against tenant"); 8 ("Draft, prepare and file Certificate of Service of Order 152").  Some of these are stand-alone time entries, while others are included within block-billed entries.[1]

The Time Records also include duplicative entries and entries for unreasonable amounts of time for the tasks described.  For example, on August 26 and 27, 2024, Mr. Weitz billed 8 separate 0.1 hour entries totaling $520.00 that are all described as "Review of Court notification regarding deficient entry."  Time Records at 5–6.  Mr. Weitz also bills 2.3 hours, or $1,495.00 to "Draft & revise re Attorneys Fees Exhibit 'C,'" *i.e.*, the Time Records.  *Id.* at 9.  Yet Mr. Weitz states that he provided "attorney hours maintained contemporaneously in the ordinary court of business" in support of the motion.  Weitz 5/29/2025 Decl. ¶ 11.  Assuming

---

[1] Because certain entries are block-billed with other activities, it is unclear how much time was spent filing documents versus other activities billed within the same entry. "Courts in this Circuit have sometimes applied a percentage reduction to block-billed entries based on the inherent difficulties the Court would encounter in attempting to parse out whether the number of hours spent on the work performed was reasonable" but tend to limit across-the-board reductions to "situations where there was evidence that the hours billed were independently unreasonable or that block-billing was mixing together tasks that were not all compensable, or not all compensable at the same rate." *Delshah 60 Ninth,* 2025 WL 2412029, at *7 (quoting *Adusumelli v. Steiner*, No. 08-CV-6932, 2013 WL 1285260, at *4 (S.D.N.Y. Mar. 28, 2013)).

these time records were contemporaneously maintained, 2.3 hours is an unreasonable amount of time to spend preparing and revising them.

All of these billing issues, taken together, show that the hours billed were unreasonable and that an across-the-board reduction is warranted. *See Delshah 60 Ninth*, 2025 WL 2412029, at \*\*7–8 (reducing requested fees by 20% due to multiple problematic billing practices that "shifts quite a burden to the Court in reviewing" such entries). The undersigned therefore recommends that Plaintiff's requested award of attorney's fees be reduced by 20%, from $37,635.00 to $30,108.00.

### B.    Costs

Plaintiff also seeks reimbursement of $732.00 in litigation costs. Mot. at 2. The prevailing party seeking an award of costs must submit adequate supporting documentation. *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020); *accord Match Grp., LLC v. Beazley Underwriting Ltd.*, No. 22-CV-4629, 2023 WL 9603886, at \*10 (S.D.N.Y. Dec. 21, 2023).

Plaintiff has submitted documentation supporting the nature and amount of these costs, which include court filing fees, service of process, and service of additional court documents. *See* Cost Receipts. Each category of these costs was "necessarily incurred" in this litigation and are the type "regularly charged to clients." *City of Birmingham Ret. & Relief Sys. v. Credit Suisse Grp. AG*, No. 17-CV-10014, 2020 WL 7413926, at \*4 (S.D.N.Y. Dec. 17, 2020).

Accordingly, the undersigned respectfully recommends that Plaintiff be awarded $732.00 in litigation costs.

## IV.   CONCLUSION

For the reasons described above, the undersigned respectfully **RECOMMENDS** that Plaintiff's motion for attorney's fees and costs, ECF No. 157, be **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff should be awarded $30,108.00 in attorney's fees and $732.00 in costs, for a total of $30,840.00.

### PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections.  *See* Fed. R. Civ. P. 6(a), (b), (d).  Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Jennifer L. Rochon United States Courthouse, 500 Pearl Street, New York, New York 10007-1312.  Any requests for an extension of time for filing objections must be directed to Judge Rochon.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.**  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

Dated: December 4, 2025
      New York, New York

Henry J. Ricardo
United States Magistrate Judge

9